# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00291-CV

---

## In re JANA Corporation

---

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## O R D E R

Real parties in interest Christianson Air Conditioning and Plumbing, LLC and Continental Homes of Texas, LLC have filed an unopposed joint motion to lift the stay granted by this Court on May 9, 2019. We dismiss the motion as moot.

On May 9, 2019, this Court issued a temporary order granting a stay while we considered JANA Corporation's petition for writ of mandamus. *See* Tex. R. App. P. 52.10(b) ("The court—on motion of any party or on its own initiative—may without notice grant any just relief pending the court's action on the petition."). The Court later conditionally granted mandamus relief in part. *See In re JANA Corp.*, 628 S.W.3d 526 (Tex. App.—Austin 2020 [orig. proceeding]), *mandamus conditionally granted sub nom. In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671 (Tex. 2022) (orig. proceeding). Real parties in interest argue that our stay order is still in place because our opinion did not expressly lift it. *See generally id.* at 527–30.

We disagree that the stay is still in place. In interpreting rules, courts "begin with the text of the rule and construe it according to its plain meaning." *Bethel v. Quilling, Selander,*

*Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654–55 (Tex. 2020). Rule 52.10 states: "Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided." Tex. R. App. P. 52.10(b). Applying the rule's plain text, our stay is no longer in place because relator's petition for writ of mandamus has been finally decided. *See In re LCS SP, LLC*, 640 S.W.3d 848, 855–56 (Tex. 2022) (orig. proceeding) (treating appellate court's stay order as remaining in place "while the case was pending in the appellate court").

Accordingly, we dismiss the motion to lift the stay as moot. *See Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 635 (Tex. 2021) (case becomes moot when "the court can no longer grant the requested relief or otherwise affect the parties' rights or interests").

It is so ordered on November 23, 2022.

 

 

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith